UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINA MARDIAN,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary of the Department of Homeland Security, et al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-CV-3467 JLS (MMP)<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 7) |

　　　Presently before the Court is Petitioner Regina Mardian's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 7).  Also before the Court is Respondents Alejandro Mayorkas's (Secretary of the Department of Homeland Security), Christopher J. Larose's (Field Office Director, U.S. Immigration and Customs Enforcement, San Diego Field Office), and Tae D. Johnson's (Acting Director, U.S. Immigration and Customs Enforcement) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 10) and Petitioner's Traverse ("Traverse," ECF No. 12).  For the reasons set forth below, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus.

/ / /

/ / /

## BACKGROUND

Petitioner, an "ethnically Armenian citizen of Russia," alleges that she has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Otay Mesa Detention Center since December 4, 2024, when she fled Russia and sought entry for "fear-based claims." Pet. at 2. Petitioner suffers from schizophrenia and was found incompetent to represent herself in immigration court. *Id.* After procedural struggles in immigration court, Petitioner was scheduled for a bond hearing which she never attended—waiving her rights to counsel. *Id.* Petitioner, now represented by Federal Defenders, claims that she is detained in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 10.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I. Jurisdiction

Respondents argue that this Court lacks jurisdiction under 8 U.S.C. § 1252(g) and § 1252(b)(9) because Petitioner's claims arise from DHS's decision to commence removal proceedings. Ret. at 4–7. The Court disagrees.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). Section 1252(g) should be read "narrowly" as to apply "only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Ibarra-Perez v. United States*, No. 24-631, 2025 WL 2461663, at *6 (9th Cir. Aug. 27, 2025) (quoting *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482, 487 (1999)). Section 1252(g) "does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders." *Id.* at *7. Section 1252(g) does not bar due process claims. *Walters v. Reno*, 145 F.3d 1032, 1052–53 (9th Cir. 1998) (finding that the petitioners' objective was not to review the merits of their proceeding, but rather "to enforce their constitutional rights to due process in the context of those proceedings").

Section 1252(b)(9) provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter shall be available only in judicial review of a final order under this section." 8 U.S.C. § 1252(b)(9) (emphasis added). Section 1252(b)(9) "has built-in limits, specifically, claims that are independent of or collateral to the removal process do not fall within the scope" of § 1252(b)(9). *Gonzalez v. United States Immigration and Customs Enforcement*, 975 F.3d 788, 810 (9th Cir. 2020) (citing *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1032 (9th Cir. 2016) (internal quotation marks omitted)). "[C]laims challenging the legality of detention pursuant to an immigration detainer are independent of the removal process." *Id.*; *see also Garcia*, 2025 WL 2549431, at *3–4; *Nielson v. Preap*, 586 U.S. 392, 402 (2019) (quoting *Jennings*, 583 U.S. at 294) (finding § 1252(b)(9) did not strip the court of jurisdiction because the petitioners were "not asking for review of an order of removal; they [were] not challenging the decision to detain them in the first place or to

seek removal (as opposed to the decision to deny them bond hearings); and they [were] not even challenging any part of the process by which their removability w[ould] be determined").

Here, Petitioner does not challenge the decision to commence removal proceedings or any act to adjudicate or execute a removal order. Rather, Petitioner is challenging her prolonged detention without a bond hearing. Traverse at 1, 4–5. Petitioner is enforcing her "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, No. 25-CV-2180-DMS-MMP, 2025 WL 2549431, at *4 (S.D. Cal. Sept. 3, 2025). Therefore, § 1252(g) and § 1252(b)(9) do not strip the Court of jurisdiction.

## II. Merits[1]

Detention under 8 U.S.C. § 1225 must comport with due process. "Nearly all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate various factors, including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022).

The Court finds that Petitioner has established she is entitled to a bond hearing. Petitioner argues that her prolonged detention—now exceeding a year—without a bond hearing violates her constitutional rights. Pet. at 8. "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."

---

[1] As a threshold matter, the Court agrees with Petitioner that, *see* Traverse at 2–4, Respondents' arguments as to the conditions of Petitioner's confinement miss the mark, *see* Ret. at 1–4. Instead, Petitioner is challenging her prolonged detention without a bond hearing. Traverse at 1. Therefore, the Court need not address Respondents' arguments as to the conditions of Petitioner's confinement.

1 *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases). Petitioner also argues that she "has reason to anticipate significant future detention," given that a Board of Immigration Appeals ("BIA") appeal and potential appeal to the Ninth Circuit thereafter can take "up to two years or longer." *Id.* at 9 (internal quotation marks and citation omitted). Petitioner has appealed her removal order to the BIA on competency grounds, and the Court agrees that the government "cannot predict with any degree of confidence when the BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Petitioner further argues that the difficulties of confinement as an individual with a serious mental illness and the likelihood that Petitioner will succeed on appeal, given the determination that Petitioner is not competent to represent herself in immigration court, also weigh in favor of granting Petitioner a bond hearing. *Id.* at 10. Taken together, Petitioner's allegations establish that her detention is unreasonably prolonged and therefore violates her due process rights.

In response, Respondents argue that Petitioner's detention is "just over a year" and that Petitioner's mental health condition "has improved during her confinement." Ret. at 9 (internal quotation marks and citation omitted). Failing to meaningfully address any of Petitioner's arguments, Respondents' assertions are unavailing. Accordingly, the Court **GRANTS** the Amended Petition.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 7), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody. The Parties **SHALL** file a Joint Status Report by February 4, 2026, informing the Court of the outcome of the status hearing. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: January 13, 2026

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge